## FREEMAN v. POLSTEIN.

### (Supreme Court, Appellate Term. February 27, 1906.)

BROKERS—COMMISSIONS.

Where a broker made active efforts to make a purchase for his employer,
but another broker first procured a satisfactory offer of sale, the first
broker is not entitled to any commission.

[Ed. Note.—For cases in point, see vol. 8, Cent. Dig. Brokers, § 70.]

Appeal from Municipal Court, Borough of Manhattan, Twelfth
District.

Action by George Freeman against Joseph Polstein. From a judg-
ment in favor of plaintiff, defendant appeals. Reversed.

Argued before SCOTT, P. J., and GIEGERICH and GREEN-
BAUM, JJ.

Samuel Sturtz, for appellant.

SCOTT, P. J. This is an action by a real estate broker for com-
mission. Unlike most of such actions, it is brought against the pur-
chaser. The plaintiff brought to defendant's attention some houses
which were for sale, and was authorized to buy them upon certain
terms. The sale was never consummated, and the property was sold
to some one else. Plaintiff, persisting, next solicited authority from
the defendant to negotiate for the purchase of the contract of sale. He
was unable, however, to negotiate such a purchase on terms acceptable
to the defendant, and while he was working at it another broker step-

ped in, and procured an offer acceptable to and accepted by defendant. To charge a purchaser with liability for commissions requires satisfactory proof of a special contract to that effect, for in the usual course of business it is the seller, and not the purchaser, who pays the commission. There is no proof of such a contract, and there is positive proof that plaintiff never brought about the sale. Doubtless, he was active and energetic in his efforts, but he failed. There was nothing in the evidence to justify the judgment. Upon the plaintiff's own testimony, the complaint should have been dismissed.

Judgment reversed, and new trial granted, with costs to appellant to abide the event. All concur.